# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DARLENE BARNES-ANNABI )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOROTHY BROWN, Clerk of the Circuit )<br>Courts of Cook County, )<br>)<br>Defendant. )<br>) | Case No. 15-cv-9451<br><br>Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Darlene Barnes-Annabi ("Barnes") filed an employment discrimination complaint against Dorothy Brown, Clerk of the Circuit Court of Cook County. (Dkt. 7). Barnes alleges that Brown discriminated against her on the basis of disability (in violation of the ADA or the Rehabilitation Act), national origin (in violation of Title VII, Section 1981, or Section 1983), religion (in violation of Title VII), ancestry (in violation of the Illinois Human Rights Act), order of protection status (same), and marital status (same). Brown moves to dismiss the complaint on several grounds. The Court grants the motion on the basis of claim preclusion.

**Background**

*Allegations in the Complaint*

Barnes alleges she was not paid according to her salary grade, was transferred out of her division, improperly trained, rehired, demoted, denied benefits, retaliated against, and eventually terminated again. Dkt. 7 at 5. She also alleges that her supervisor, the Civil Division Chief, failed to offer her the training she needed to perform her job, verbally "attacked" her about her performance in front of customers and coworkers, told her she does not "fit the profile" for the position, told her she was not going to walk on eggshells for Barnes, and promoted a co-worker over Barnes even though her

job performance was better. *Id.* at 10-19. Barnes seeks back pay, punitive damages, "injunctive damages", and reinstatement or front pay. *Id.* at 5-6.

*Procedural History*

Barnes complained about her employer's treatment of her in three separate administrative charges, which led to her filing three separate lawsuits in this district: *Barnes-Annabi v. The Circuit Court of Cook County,* 14-cv-3101 ("*Barnes I*"); *Barnes-Annabi v. The Circuit Courts of Cook County*, 14-cv-3100 ("*Barnes II*"); and the instant case ("*Barnes III*").[1]

Barnes initially filed an IDHR charge, no. 2012CF0444, on August 18, 2011 ("Charge 1"). (*Barnes I*, Dkt. 11 at 8.) She then wrote to IDHR and requested to amend Charge 1 to include additional claims. (*Barnes III,* Dkt. 28 at 12-13.) Instead of amending Charge 1, IDHR drafted a new charge, no. 2012CF0468, which Barnes signed on August 22, 2011 ("Charge 2"). (*Barnes II,* Dkt. 1 at 7.) Both charges were cross-filed with the EEOC, and the EEOC sent Barnes two right-to-sue letters. The first, for Charge 1, was sent on February 7, 2013. (*Barnes I,* Dkt. 11 at 18.) The second, for Charge 2, was sent on March 3, 2014. (*Barnes II,* Dkt. 1 at 9.)

On November 19, 2013, after having received her first right-to-sue letter but before she received her second, Barnes received a letter from IDHR recognizing that "due to administrative error" it had failed to review some of Barnes' allegations contained in the letter that triggered the creation of Charge 2. (*Barnes III*, Dkt. 28 at 16-18). Accordingly, IDHR was going to investigate whether it could create a third charge for Barnes. (*Id.*) On March 20, 2014, Barnes signed a third IDHR charge, no. 2012CF4257 ("Charge 3"). (*Barnes III,* Dkt. 7 at 9.) The EEOC sent her the corresponding right-to-sue letter on July 24, 2015. (*Id.* at 7.)

---

[1] Barnes filed her first two lawsuits on the same day, virtually simultaneously. The Court has designated the cases as *Barnes I* and *Barnes II* so that the numerical order of the lawsuits corresponds to the order of the IDHR charges on which the lawsuits were based, even though *Barnes II* was the earlier-filed lawsuit (by a matter of minutes).

On April 29, 2014, Barnes filed her complaints in *Barnes I* and *Barnes II*. On March 16, 2015, the two cases were consolidated to proceed under the case number for *Barnes II* and *Barnes I* was terminated. (*Barnes II,* Dkt. 40). Barnes failed to appear for a court hearing in *Barnes II* on August 13, 2015. (*Barnes II,* Dkt. 61). The order entered that day warned Barnes that if she failed to appear at the next status hearing, set for September 23, 2015, she risked dismissal of her case for want of prosecution. (*Id.*) On August 31, 2015, Brown filed a motion to dismiss without a notice of presentment. (*Barnes II,* Dkt. 62.) The next day, the court accepted the motion without a hearing and entered a briefing schedule that extended beyond the September 23 hearing, but did not strike the hearing. (*Barnes II,* Dkt. 65.) After Barnes failed to appear at the September 23 hearing, the court dismissed the case for want of prosecution. (*Barnes II,* Dkt. 67.) On October 23, 2015, Barnes filed the instant lawsuit based on Charge 3. (*Barnes III,* Dkt. 1.)

**Legal Standard**

A complaint will survive a motion to dismiss under Rule 12(b)(6) if its well-pleaded facts when viewed in the light most favorable to the plaintiff state a plausible claim for which relief can be granted. *Vesely v. Armslist LLC,* 762 F.3d 661, 664 (7th Cir. 2014). A court may also consider any document attached to the complaint and any information subject to judicial notice when evaluating the sufficiency of the complaint. Fed. R. Civ. P. 10. Facts alleged in a complaint are accepted as true except when contradicted by information the court is allowed to consider under Rule 10. *Bogie v. Rosenberg,* 705 F.3d 603, 609 (7th Cir. 2013); *Radivojevic v. Daley*, 12 F. App'x 391, 392 (7th Cir. 2001).

**Discussion**

"Under res judicata [also known as claim preclusion], a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 839 (7th Cir. 2015). A suit is deemed duplicative of an earlier suit under res judicata if 1) there was a final judgment on the merits

3

in the earlier suit; 2) there is an identity of the parties in the two suits; and 3) there is an identity of the causes of action. *Id.* Regarding the first element, involuntary dismissal for failure to prosecute operates as a judgment on the merits. *Id.* at 840; Fed. R. Civ. P. 41(b).With respect to the final element, "different claims are considered the same cause of action ... if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Huon v. Johnson & Bell, Ltd.*, 757 F.3d 556, 558 (7th Cir. 2014) (internal quotations omitted). A "single group of operative facts" is a transaction or series of transactions that are "related in time, space, origin, or motivation" such that they form a "convenient trial unit." *Id.*

Barnes argues that there is not an identity of the causes of action, because the underlying IDHR charges that formed the bases of *Barnes II* are distinct from the IDHR charge underlying the instant suit. Although here a separate IDHR charge, asserting different theories of relief, is at issue, this case is factually related to *Barnes II* in that it also arises out of Barnes' alleged mistreatment at the hands of the same employer. All of Barnes complaints about how her employer treated her should have been brought in a single suit. Even though Barnes had not yet received a right-to-sue letter for her third charge when she filed *Barnes II*, "the requirement to exhaust administrative remedies is no excuse for claim-splitting." *Barr,* 796 F.3d at 840. Rather, the appropriate course of action would have been to move to amend her complaint in *Barnes II* upon receiving the third right-to-sue letter in July 2015. Because no new injury accrued between dismissal of *Barnes II* in September 2015 and the filing of the instant case the following month, this action is barred by claim preclusion.

The Court is sympathetic to the procedural difficulties encountered by Barnes in attempting to pursue her claims. It is understandable why Barnes believed she had three different cases, rather than one, given the awkward manner in which IDHR handled her complaints. It is also understandable why Barnes interpreted the September 1 order in *Barnes II* as superseding the August 13 order and negating the need to appear on September 23. But rather than filing a new suit, Barnes

4

should have moved for reconsideration or to reinstate in *Barnes II*, and then appealed if necessary. The Court notes that the option to move for relief from final judgment under Federal Rule 60(b) may still be an available avenue for Barnes in *Barnes II*, as Rule 60(b) motions need only be brought "within a reasonable time." Fed. R. Civ. P. 60(b). This Court, however, has no jurisdiction to review the decision to dismiss for want of prosecution made in *Barnes II*, and the factual overlap of the two cases precludes this Court from considering the merits of Barnes' claims. Accordingly, Brown's motion to dismiss [25] is granted.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: April 25, 2016